

# ARKANSAS COURT OF APPEALS

DIVISION I

No. CV-13-1075

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** May 7, 2014 |
| KEVIN LINT | | |
| | APPELLANT | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. J2010-229-3] |
| V. | | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES | | HONORABLE STACEY ZIMMERMAN, JUDGE |
| | APPELLEE | |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**BILL H. WALMSLEY, Judge**

Appellant Kevin Lint appeals the termination of his parental rights to his son, B.L., and his daughter, J.L. Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i) (2013), Lint's counsel has filed a no-merit brief and a motion to withdraw, alleging that there are no meritorious grounds for appeal. Lint was given an opportunity to file pro se points for reversal but declined to do so. We affirm the termination and grant the motion to withdraw.

The children were removed from Lint's custody in December 2012 after an investigation revealed that the children were living in unsanitary conditions, that B.L. was being physically abused by an older stepbrother, and that J.L. was being sexually abused by another older stepbrother. Prior to this removal, there had been multiple findings of inadequate supervision since 2007 with Lint and the children's mother as the offenders. Lint

had received services in a protective-services case and again when the children were removed from their mother's custody in March 2010.

After the children were removed from Lint in December 2012, the trial court adjudicated the children dependent-neglected in February 2013. The court found by a preponderance of the evidence that J.L. had been sexually abused by her adult stepbrother, Nickey Silva. The court also granted DHS's motion to terminate reunification services based on the findings of sexual abuse and that there was little likelihood that services to the family would result in successful reunification.

The termination hearing was held in August 2013. The DHS family service worker testified that, although Lint had participated in multiple services in this case and in the prior cases, he had not demonstrated an ability to properly care for or protect the children from harm. There was evidence that Lint had denied that Nickey Silva had sexually abused J.L. and that he had allowed other dangerous people to live in his home and be around the children, including men accused of sexually abusing children. One of these men had a "true finding" for sexually abusing J.L.

The trial court found that the statutory ground of aggravated circumstances had been proved and that termination of Lint's parental rights was in the best interest of the children considering the likelihood that they would be adopted and the potential harm caused by returning them to Lint's custody. In compliance with *Linker-Flores* and Rule 6-9(i), Lint's counsel has examined the record for adverse rulings and has adequately discussed why there is no arguable merit to an appeal of the decision to terminate Lint's parental rights or the

numerous adverse rulings on evidentiary objections. After carefully examining the record and the no-merit brief, we hold that Lint's counsel has complied with the requirements for a no-merit parental-rights-termination appeal and that the appeal is wholly without merit. We therefore affirm the termination of Lint's parental rights to B.L. and J.L. by memorandum opinion, *In re Memorandum Opinions*, 16 Ark. App. 301, 700 S.W.2d 63 (1985), and grant the motion to withdraw.

Affirmed; motion to withdraw granted.

WOOD and BROWN, JJ., agree.

*Leah Lanford*, Arkansas Public Defender Commission, for appellant.

No response.